IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Janel Lynn Davis*
Case No. 1:21-cr-00008-TMB-MMS-2

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Final Report and Recommendation ("Final R&R") of the Chief Magistrate Judge,[1] recommending the Court deny Defendant Janel Lynn Davis's *Pro Se* Motion to Vacate at Docket 447 and Supplemental Motion at Docket 512 (the "Motion").[2] The Chief Magistrate Judge issued an Initial Report and Recommendation ("Initial R&R").[3] Neither Ms. Davis nor the United States filed objections to the Initial R&R.[4] For the reasons discussed below, the Court **ACCEPTS and ADOPTS** the Final R&R at Docket 613. Accordingly, the Motion at Dockets 447 and 512 is **DENIED**.

*A. Background*

The Court assumes the parties' familiarity with the underlying facts and proceedings in this case. On April 29, 2021, Ms. Davis was charged within one count of Drug Conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(B) and (C) (Count 1), one count of Possession of Firearms and Silencers in Furtherance of Drug Trafficking in violation of 18 U.S.C. §§ 924 (c)(1)(B)(ii) and 924(c)(1)(A)(i) and (ii), and two criminal forfeiture allegations.[5] She initially pleaded not guilty to all counts.[6] On February 7, 2022, she entered a notice of intent to change plea through her former counsel, Nicholas Polasky.[7] Pursuant to a Plea Agreement, Ms. Davis pleaded guilty to Drug Conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1) and Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i) and admitted to the two criminal forfeiture allegations in the indictment.[8] Each count Ms. Davis

---

[1] Dkt. 613 (Final Report and Recommendation re Dkt. 447 Motion to Vacate Under 28 U.S.C. § 2255 as to Janel Lynn Davis).
[2] Dkt. 447 (Motion to Vacate Under 28 U.S.C. § 2255); Dkt. 512 (Supplemental Motion to Vacate, Set Aside or Correct Judgment).
[3] Dkt. 584 (Initial Report and Recommendation re Dkt. 447 Motion to Vacate Under 28 U.S.C. § 2255 as to Janel Lynn Davis).
[4] *See* Dkt. (absence).
[5] Dkt. 15 (Indictment) at 1.
[6] Dkt. 41 (Minute Entry for Preliminary Proceedings).
[7] Dkt. 187 (Notice of Intent to Change Plea).
[8] Dkt. 203 (Plea Agreement) at 2.

pleaded guilty to carried a mandatory minimum of five years' imprisonment.[9] The charges in the Indictment carried a mandatory minimum 10 years for Count 1 and 30 years for Count 2.[10]

The Chief Magistrate Judge held a Change of Plea Hearing on March 10, 2022, which included the required colloquy under Rule 11(b) and additional colloquy and inquiry to confirm that Ms. Davis entered into the Plea Agreement intelligently and voluntarily.[11] On June 7, 2022, Ms. Davis filed a *pro se* motion to withdraw her plea.[12] The court denied the motion because Ms. Davis was represented.[13] The Chief Magistrate Judge then granted Ms. Davis's motion for change of counsel, and Mark Larranaga was appointed as Ms. Davis's new defense counsel.[14] Ms. Davis did not file a renewed motion to withdraw her plea through her new counsel.[15] This Court accepted Ms Davis's guilty plea on August 22, 2022.[16]

On March 1, 2023, Ms. Davis was sentenced to 60 months' imprisonment on Counts 1 and 2, to run consecutively, consistent with the sentencing recommendations from the Government and Ms. Davis.[17] On March 5, 2024, Ms. Davis moved *pro se* to vacate her sentence, arguing ineffective assistance of counsel.[18] The Chief Magistrate Judge ordered the appointment of counsel.[19] Ms. Davis then filed a counseled supplement to the Motion.[20] Ms. Davis argues that her prior counsel provided ineffective assistance of counsel because both attorneys failed to seek the suppression of evidence related to the seizure of Ms. Davis, failed to seek the suppression of evidence obtained as a result of Ms. Davis's arrest, and failed to meaningfully advise Ms. Davis as to the application of the Independent Source Doctrine.[21]

During the briefing process, the parties disputed whether Ms. Davis had waived attorney-client privilege as to her previous representation.[22] The Chief Magistrate Judge found an implied waiver of attorney-client privilege only to the extent necessary for the Government to respond to

---

[9] *Id.* at 10.
[10] 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(B)(ii).
[11] Dkt. 216 (Minute Entry for Change of Plea Hearing); Dkt. 513 (Transcript of Change of Plea Hearing).
[12] Dkt. 289 (Sealed Motion for Presentence Plea Withdrawal).
[13] Dkt. 294 (Text Order Denying Motion at Docket 289).
[14] Dkt. 301 (Minute Entry for Status of Counsel Hearing); Dkt. 304 (Notice of Attorney Appearance for Mark Larranaga).
[15] *See* Dkt. (absence).
[16] Dkt. 314 (Text Order Accepting and Adopting the Amended Final Report and Recommendation Upon a Plea of Guilty and Accepting the Plea of Guilty).
[17] Dkt. 353 (Minute Entry for Imposition of Sentence); Dkt. 335 (Davis's Sealed Sentencing Memorandum); Dkt. 333 (Government's Sentencing Memorandum).
[18] Dkt. 447 at 4.
[19] Dkt. 459 (Text Order Providing Appointment of Counsel and Briefing Schedule).
[20] Dkt. 512.
[21] *Id.* at 4–7.
[22] Dkt. 506 (Motion for an Order Deeming the Attorney-Client Privilege Waived) at 1.

Ms. Davis's Motion to Vacate.[23] Depositions of Mr. Polasky and Mr. Larranaga were taken in September 2024.[24] The Government subsequently filed its Opposition to the Motion.[25] The Government argues that Ms. Davis was appropriately advised of the likelihood of success of the motions to suppress and the effect of such motions on the outcome of her case.[26] Ms. Davis did not file a reply to the Government's Opposition.[27]

On November 26, 2024, the Chief Magistrate Judge filed an Initial R&R recommending this Court deny the Motion.[28] Objections to the Initial R&R were due by December 11, 2024, with the replies to any objections due a week later.[29] The Chief Magistrate Judge granted Ms. Davis's request for an extension of time to file objections to the Initial R&R, and reset the deadline for objections to December 20, 2024.[30] Ms. Davis did not file any objections to the Initial R&R.[31]

The Chief Magistrate Judge issued the Final R&R on January 8, 2025.[32] The Final R&R analyzes the depositions of Mr. Polasky and Mr. Larranaga.[33] Based on the depositions and applicable law, the Chief Magistrate Judge concludes that neither of Ms. Davis's previous counsel provided ineffective assistance, as "[b]oth attorneys were acting with litigation strategy in mind, attempting to minimize Ms. Davis's legal liability."[34] The Final R&R does not make any findings as to the viability of the suppression motions that form the base of Ms. Davis's claims, but finds that not filing the motions does not constitute ineffective assistance of counsel.[35] The Chief Magistrate Judge concludes that Ms. Davis has not met her burden under 28 U.S.C. § 2255 to show a violation of the Sixth Amendment right to counsel.[36] Therefore, the Chief Magistrate Judge recommends her Motion be denied.[37]

### B. Legal Standard

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1), which provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations

---

[23] Dkt. 532 at 2.
[24] Dkt. 538-1 (Transcript of Deposition of Nicholas Polasky); Dkt. 538-2 (Transcript of Deposition of Mark Larranaga).
[25] Dkt. 538 (Notice of Opposition to the Defendant's Amended 2255 Motion).
[26] *Id.* at 8.
[27] *See* Dkt. (absence).
[28] Dkt. 584.
[29] *Id.*
[30] Dkt. 599 (Text Order Granting Extension of Time and Setting Deadlines).
[31] *See* Dkt. (absence).
[32] Dkt. 613.
[33] *Id.* at 4.
[34] *Id.* at 6.
[35] *Id.* at 6–7.
[36] *Id.* at 14.
[37] *Id.*

made by the magistrate judge" and shall review objections *de novo*.[38] For topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct."[39]

### C. Discussion and Conclusion

Because neither party filed any objections to the Initial R&R or the Final R&R, the Court is not required to conduct a *de novo* review.[40] The Court has reviewed the parties' submissions, the depositions of Mr. Polasky and Mr. Larranaga, the Initial R&R, and the Final R&R. In the absence of objections, and finding no legal error, the Court adopts the Final R&R in its entirety. The Motion is denied for the reasons stated therein.

Accordingly, the Court **ACCEPTS AND ADOPTS** the Final R&R at Docket 613 and **DENIES** the Motion at Dockets 447 and 512.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 10, 2025.

---

[38] 28 U.S.C. § 636(b)(1).
[39] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").
[40] *Reyna-Tapia*, 328 F.3d at 1121.